IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD A. WHITE,

        Plaintiff,                    No. CIV S-07-1218 LKK GGH P

    vs.

DEPARTMENT OF THE
CORRECTIONAL EMPLOYEE
AD-SEG STATUS, et al.,

        Defendants.               ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding

1    month's income credited to plaintiff's prison trust account.  These payments shall be collected
2    and forwarded by the appropriate agency to the Clerk of the Court each time the amount in
3    plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4           The court is required to screen complaints brought by prisoners seeking relief
5    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
6    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
7    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
8    granted, or that seek monetary relief from a defendant who is immune from such relief.  28
9    U.S.C. § 1915A(b)(1),(2).

10          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
12   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
13   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
14   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
15   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16   Cir. 1989); Franklin, 745 F.2d at 1227.

17          A complaint, or portion thereof, should only be dismissed for failure to state a
18   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
19   of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &
20   Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also
21   Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing
22   a complaint under this standard, the court must accept as true the allegations of the complaint in
23   question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
24   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
25   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

26

Named as defendants are Correctional Officers Rasmussen, Humphries and McCusker. Plaintiff appears to allege that defendants interfered with his access to the law library. Plaintiff also may be making claims against defendants in connection with plaintiff's placement in administrative segregation. However, plaintiff's allegations are so vague and conclusory that the court cannot determine what exact claims plaintiff is making against defendants. For this reason, the complaint is dismissed with leave to amend. If plaintiff files an amended complaint, he must specifically describe the conduct of each defendant which he alleges violated his constitutional rights.

If plaintiff files an amended complaint, he must keep in mind that there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the

California Department of Corrections and Rehabilitation filed concurrently herewith.

        3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: 8/7/07

                              /s/ Gregory G. Hollows

                              UNITED STATES MAGISTRATE JUDGE

wh1218.b